TRINETTE G. KENT (State Bar No. 025180)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Michael Ingram

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Ingram, <br><br> Plaintiff, <br><br> vs. <br><br> Bridgecrest Acceptance Corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Michael Ingram (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Bridgecrest Acceptance Corporation (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Virginia Beach, Virginia, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a business entity located in Mesa, Arizona, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to Defendant.

7. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

8. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone numbers: 757-xxx-1990 (hereafter "Number").

9. Defendant placed calls to Plaintiff's Number in an attempt to collect a debt.

10. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

11. When Plaintiff answered Defendant's calls, he heard a significant period of silence before waiting to be connected to a live representative.

12. In October of 2018, during a live conversation, Plaintiff requested that Defendant cease all further calls to his Number.

13. Ignoring Plaintiff's request, Defendant continued to call his Number in an excessive and harassing manner.

14. Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff to suffer a significant amount of anxiety, frustration, and annoyance.

# COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

17. Defendant's telephone system has the earmark of using an ATDS in that Plaintiff, upon answering calls from Defendant, heard silence and had to wait on the line for Defendant's system to connect him with a live representative.

18. Defendant called Plaintiff's Number using an ATDS without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

19. Defendant continued to willfully call Plaintiff's Numbers using an ATDS knowing that it lacked the requisite consent to do so in violation of the TCPA.

20. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

21. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

4

22. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

23. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 9, 2019                    TRINETTE G. KENT

By: /s/ Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff,
Michael Ingram

5